IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES D. LAMMERS,

            Petitioner,                      ORDER

    v.                                            10-cv-0078-bbc

PHIL KINGSTON, Warden,
Columbia Correctional Institution,

            Respondent.

---

     James D. Lammers has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his loss of good-time credits in three disciplinary actions while he was in custody at the Jackson Correctional Institution in 2001. According to a letter submitted by petitioner on March 17, 2010, petitioner attempted to file the petition in 2003 but it was "stolen" by officials at the Columbia Correctional Institution, where petitioner was in custody at the time. Dkt. #4. Petitioner asserts that he was provided a copy of the petition upon his release from prison on October 28, 2008. He asks the court to treat the petition as if he had filed it on October 2, 2003.

     Petitioner is a repeat filer who has been prohibited under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995), from filing any civil suits in any of the courts in the Seventh Circuit. Lammers v. Ellerd, 202 F.3d 273 (Table) (7th Cir.

Nov. 24, 1999). The clerk accepted the petition because it appeared to fall within the exception for habeas corpus petitions.

Under Article III, § 2 of the United States Constitution, a federal court's jurisdiction is limited to those cases that present "cases or controversies." Spencer v. Kemna, 523 U.S. 1, 7 (1998). To satisfy the case-or-controversy requirement, a habeas petitioner must have suffered, or be threatened with, an actual injury traceable to the respondent and likely to be redressed by issuance of the writ.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

Id.

In Spencer, 523 U.S. at 9-10, the Court noted that in previous cases, when the subject of the petitioner's attack was a criminal conviction, the Court had been willing to presume that the petitioner would suffer concrete, collateral consequences from the conviction even after the sentence for that conviction had expired. See also Sibron v. New York, 392 U.S. 40, 55 (1968) (it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences"). The Court was unwilling, however, to extend this presumption to the petitioner's challenge to his reincarceration as a result of a parole revocation decision, which he had completed serving while his case was pending in

the district court. The Court discounted the possibility that the parole revocation could be used to petitioner's detriment in a future parole proceeding, noting that under Missouri law, a prior parole revocation was only one factor among many that the parole board could consider in exercising its discretion whether to grant petitioner release on parole. Id. at 14. It also rejected petitioner's contention that the parole revocation could be used against him in a future criminal or sentencing proceeding, finding it "purely a matter of speculation" whether petitioner would ever be a defendant in a criminal case or that if he was, the prosecutor would decide to use the parole revocation against him. Id. at 15-16. See also Diaz v. Duckworth, 143 F.3d 345, 346 (7th Cir. 1998) ("Consequences that are within the power of the defendant to avoid—such as a sentencing enhancement, which presupposes his deciding to commit another crime—"are not considered adverse collateral legal consequences) (citing Spencer, 523 U.S. at 13). Accordingly, the Court found Spencer's petition moot.

In this case, petitioner has been released from prison, although it appears that he may be subject to parole supervision by the Wisconsin Department of Corrections. Dkt. #6. Whether his sentence has expired or he is on parole, however, restoring whatever good time he might have lost as a result of the prison disciplinary proceedings in 2001 would do him no good; the amount of time he spent in prison cannot be undone. Nor can I conceive, after Spencer, of any concrete, collateral consequences that persist as a result of his not receiving the good time credits. Accordingly, it appears that the petition is moot.

Before dismissing the petition, however, I will allow petitioner an opportunity to show that he suffers collateral consequences from the 2001 disciplinary actions that he challenges in his habeas petition. He should keep in mind that the only collateral consequences that matter are those that stem from the disciplinary proceedings; consequences flowing from his original conviction are irrelevant. Diaz, 143 F.3d at 347.

ORDER

IT IS ORDERED that petitioner James D. Lammers has until April 16, 2010, in which to submit a memorandum to the court establishing that his habeas corpus petition is not moot by showing that, as a result of the disciplinary proceedings, some statute or regulation attaches a disability to him that is not contingent on his future misconduct. If petitioner fails to submit a memorandum by April 16, 2010, the court will dismiss the petition for his failure to prosecute it.

Entered this 30th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4