IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES D. LAMMERS,

                    Petitioner,                    ORDER

      v.                                          10-cv-0078-bbc

PHIL KINGSTON, Warden,
Columbia Correctional Institution,

                    Respondent.

---

      James D. Lammers has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to challenge his loss of good-time credits in three disciplinary actions while he was in custody at the Jackson Correctional Institution in 2001. On March 30, 2010, I entered an order in which I noted that the petition appeared to be moot because petitioner had been released from prison by the time he filed it and there appeared to be no collateral consequences from the disciplinary actions. Before dismissing the petition, however, I gave petitioner the opportunity to submit a memorandum to the court establishing that his habeas corpus petition is not moot by showing that, as a result of the disciplinary proceedings, some statute or regulation attaches a disability to him that is not contingent on his future misconduct. Petitioner has now responded to that order by submitting a four-page memorandum with numerous supporting documents. Dkt. #11. In addition, he has filed a "Petition for Temporary to Become Permanent Restraining Orders/Injunctions"

enjoining Wisconsin "from denying me liberty and all related rights into the future." Dkt. #10. Having considered petitioner's submissions, I conclude that the petition is moot.

Petitioner argues that the court should not dismiss his petition because the disciplinary actions were taken against him by prison officials in retaliation for his filing writs of habeas corpus and other civil suits in the state and federal courts. According to petitioner, this retaliation "will continue into the future until parole is over unless given equivalent credit (for example reduction of parole 20 days for every day in prison wrongfully)." Petitioner argues that if this court does not hear his writ, he will be without a remedy for the alleged retaliation and the state will not be deterred from future retaliation.

Petitioner's arguments are insufficient to show that his petition is not moot. A writ of habeas corpus is a vehicle for obtaining release from custody. It is not a means of seeking redress for past civil rights violations. It is undisputed that petitioner has already served the loss of good time imposed as a penalty for the allegedly bogus conduct reports and that he is no longer in prison. He has failed to identify any statute or regulation that attaches a disability to him as a result of his conduct reports that is not contingent on his future misconduct.

Many of petitioner's arguments in his response and in his motion for an injunction appear to be challenges to the validity of bans imposed on him by various state and federal courts and actions taken by the state to enforce the bans. These are not the proper subjects

of a habeas corpus petition. If petitioner thinks grounds exist to lift the bans, then he should seek relief from the courts that issued the orders.

ORDER

IT IS ORDERED that the petition of James D. Lammers for a writ of habeas corpus challenging his loss of good time credits in 2001 is DISMISSED as moot. I decline to issue a certificate of appealability because reasonable jurists would not debate the correctness of the procedural ruling in this case. Slack v. McDaniel, 529 U.S. 473, 484 (2000). If he wishes, petitioner may ask a circuit judge to issue the certificate under Fed. R. App. P. 22(b).

Entered this 17th day of May, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge